JEROME J. OPPENHEIMER et al., Appellants, *v.* 11 WEST FORDHAM ROAD CORPORATION, Respondent, et al., Defendants.

First Department, March 31, 1953.

*Michael M. Platzman* of counsel (*Arthur L. Rieder,* attorney), for appellants.

*Sidney Kant* of counsel (*McLaughlin & Stern,* attorneys), for respondent.

*Per Curiam.* The complaint, giving its various allegations their apparent intendment, would seem to allege, in substance, that plaintiffs were the owners of a certain house and lot situated in the city of New York, and that they employed brokers, including the defendant Haas, to sell it for $40,000; that Haas procured Leslie and Doris Tillott to purchase the property, and the purchasers were willing to pay as high as $41,000, but that Haas falsely represented to plaintiffs that he could get no more than $35,000 for the property; that the codefendants, including the defendant-respondent 11 West Fordham Road Corporation, knowing the facts, entered into a scheme and plan to defraud the plaintiffs and to aid Haas in breaching his duty by arranging and consummating an intermediate sale to 11 West Fordham Road Corporation for $35,000 and an immediate resale to the Tillotts for $41,000; and that 11 West Fordham Road Corporation took title as part of the plan, concealed its participation as an intermediate purchaser and knowingly permitted the false representation to be made that it was the sole buyer procured by the broker.

We think that these facts sufficiently allege a cause of action against the defendant-respondent 11 West Fordham Corporation, and the complaint against it should not have been dismissed.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion to dismiss the complaint denied.

COHN, J. P. (dissenting). Respondent as a purchaser of appellants' real property was under no duty to see that they obtained a higher price than the $35,000 which respondent paid. At most, respondent, a corporation, is charged in this second amended complaint with having knowledge of the tortious conduct of the other defendants and with having failed to prevent their defrauding appellants. Nowhere in the complaint is there any allegation respecting the relationship of respondent with the appellants from which it may be inferred that respondent owed any duty to appellants to prevent the alleged fraudulent behavior of the other defendants. Respondent was under no obligation to make known to appellants the ultimate purchaser's willingness to pay $41,000 for appellants' property.

The allegations that respondent conspired with the other defendants to postpone the ultimate sale to the Tillotts of the property in order to effect the intermediate purchase, that it knowingly participated in the delay of the closing date and that it knowingly participated in the other acts and representations are all conclusions unsupported by sufficient ultimate facts to give rise to a cause of action against respondent.

The order dismissing the second amended complaint should accordingly be affirmed.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur in *Per Curiam* opinion; COHN, J. P., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellants and the motion denied.