■ ABRAHAM STEINBERG et al., Appellants, v. MAURICE GUILD et al., Defendants, and YENEM INVESTORS, INC., et al., Respondents.— Judgment entered on July 23, 1964 dismissing the first, second, fifth, sixth and twelfth causes of action of the complaint herein as against the defendants Yenem Investors, Inc., Rappaport Brothers, Irving S. Rappaport and Henry N. Rappaport modified, on the law and on the facts, by reinstating the first cause of action against said defendants and, as so modified, affirmed, without costs. The plaintiffs were limited partners in a real estate syndicate which purchased property at 446 Kingston Avenue, Brooklyn, New York. The first cause of action in the complaint alleges that the defendants Rappaports procured Yenem Investors, Inc., which they controlled, to purchase at a discount of $80,000 a purchase-second-money mortgage in the sum of $480,000 immediately following the purchase of the property by the plaintiffs which fact was concealed from the plaintiffs and

omitted from the prepared advertising material 'and brochure distributed .to the general public soliciting subscriptions to the syndicate. It is alleged that the moving defendants aided and abetted the alleged active conspirators and lent their assistance and aid to them by purchasing the mortgage at a discount and concealed such fact from the plaintiffs. Although the allegations in the first cause of action are to some degree conclusory in nature they are, nevertheless, sufficient to state a cause of action in fraud. (*Foley* v. *D'Agostino,* 21 A D 2d 60; *Oppenheimer* v. *11 West Fordham Road Corp.,* 281 App. Div. 468.) The second cause of action alleges a violation by the said defendants of section 352-e of the General Business Law. That section is limited to anyone making and taking part in a business offering but the facts alleged here are insufficient to include said defendants in such categories. (*Steingart* v. *21 Associates,* 31 Misc 2d 212.) The fifth cause of action alleges that defendants Rappaports were retained as attorneys for the plaintiffs to obtain rent increases for the plaintiffs' property and that, in the course of their employment, they learned of the alleged false representations to the plaintiffs and failed to report their knowledge to the plaintiffs or to the Attorney-General. This cause 'of action fails to allege any breach of duty owing by the defendants Rappaports to the plaintiffs and the plaintiffs' allegations of liability are insufficient to state a cause of action. The sixth cause of action alleges that the defendants Rappaports were guilty of malpractice by reason of their failure to report their findings of the alleged false representations to the plaintiffs. The plaintiffs fail to allege any negligence in the performance of the said defendants' duties in connection with the conduct of their employment to obtain rent increases for their property and thus the allegations as to the defendants' liability to the plaintiffs are insufficient to state a cause of action. The twelfth cause of action alleges an action for moneys had and received by the defendants Rappaports and Yenem. The allegations fail to allege any receipt of money by the defendants from the plaintiffs and they, therefore, have nothing that belongs to the plaintiffs. The allegations in the twelfth cause of action are insufficient to constitute a cause of action. Concur — Valente, Stevens, Steuer and Staley, JJ.; Rabin, J. P., dissents in part in the following memorandum: I dissent in part. In addition to affirming the dismissal of the second, fifth and twelfth causes of action of the complaint as against defendants-respondents, I would also affirm the dismissal of the first cause of action. At the outset I wish to point out that in the first cause of action plaintiffs do not establish a fiduciary relationship between them and these defendants to any greater extent than is established in the fifth cause of action, the dismissal of which this court affirms. True, it is alleged that these defendants participated in the events which underlie the claimed fraud. However, as in the allegations of the complaint directed against the defendant Leef, they have failed to properly charge that these defendants joined — with intent to do so — in the plan to defraud. Such omission renders the cause insufficient (*Place* v. *Minster,* 65 N. Y. 89, 95; 8 N. Y. Jur., Conspiracy, § 2). Giving the plaintiffs the benefit of as liberal an interpretation of their pleading as can be given, we find an allegation that these defendants purchased the mortgage in question — as they had a right to do — and failed to advise the plaintiffs of the facts concerning such purchase — as they were not obliged to do. Merely because these defendants participated in the transactions complained of does not justify a conclusion that they aided and abetted in the alleged fraud which is claimed to have arisen from such transactions.